ORIGINAL

FILED

2007 APR -4  PM 12: 47

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT LIONEL TOSON,<br><br>Defendant. | Cr. No. 94-1136GT<br><br>**ORDER** |

On March 9, 2007, Defendant, Robert Lionel Toson ("Mr. Toson"), filed a Motion to Dismiss Allegations 1, 2, and 3 of an Order to Show Cause. The Court has fully considered this matter, including a review of the briefs filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Toson's Motion to Dismiss is **DENIED**.

### BACKGROUND

On January 24, 1995, Defendant, Robert Lionel Toson ("Mr. Toson"), pled guilty to a three count Superseding Indictment charging him with Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). On June 5, 1995, Mr. Toson was sentenced to 151 months

1  in custody and five years supervised release. At the time of sentencing, the Court ordered the
2  special condition that Mr. Toson participate in a program of drug and alcohol treatment
   including urinalysis testing and counseling as directed by his probation officer.

3        Mr. Toson's supervised release began on November 23, 2005. According to the
4  Probation Officer, Mr. Toson has struggled with adjusting to supervised release. Mr. Toson
5  was confined to CCC from October 2, 2006 to December 20, 2006 because of these difficulties.
6  Mr. Toson now moves this Court to dismiss Allegations 1, 2, and 3 because Probation did not
7  have the authority to subject him to penological drug testing, violating the law in <u>United States
8  v. Stephens</u>, 424 F.3d 876 (9th Cir. 2005).

9        In <u>Stephens</u>, the Ninth Circuit held that it was an impermissible delegation of the Court's
10 power to let the Probation Officer determine the maximum number of non-treatment drug tests
11 the defendant had to take. <u>Stephens</u>, 424 F.3d at 883. Notably, if the court states that the
12 defendant shall participate in a drug treatment program, the probation officer may select the
13 program and the drug treatment professionals may design the course of treatment, including the
14 number of tests required. <u>Id</u>. Hence, there is a difference between testing done as a mandatory
15 condition of supervised release (non-treatment drug testing) and testing done as part of a special
16 condition of drug treatment. <u>Stephens</u>, 424 F.3d at 884. The district court must specify the
17 maximum numbers of tests for non-treatment drug testing because it is "penological" in nature.
18 <u>Id</u>. Drug testing as part of a drug treatment program is considered "non-penological." <u>Id</u>.

19       In response to the <u>Stephens</u> case, the Southern District issued General Order # 547. It
20 states that for all persons required to submit to drug testing as a mandatory condition of
21 supervised release, the maximum number of tests they would be required to submit is 4 per
22 month. General Order #547 cured any <u>Stephens</u> problems concerning penological drug testing.
23 The order became effective on the date signed, which was September 21, 2005.

24       Mr. Toson argues that this Court only imposed the special condition that he participate in
25 a drug treatment program as directed by the Probation Officer. Hence, according to Mr. Toson,
26 only non-penological drug testing (testing done during a drug treatment program) was permitted
27 in his case. According to Toson, since only non-penological drug testing was permitted in his
28 case, General Order #547 did not apply. This is incorrect.

In 1994, the Violent Crime Control and Law Enforcement Act of 1994 was signed into law. As part of this Act drug testing became a mandatory condition of supervised release. Since Mr. Toson was sentenced in 1995, he was subject to mandatory drug testing (penological) as a condition of supervised release. Since Mr. Toson was subject to mandatory drug testing, General Order 547 is applicable and cured any possible Stephens problems. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Allegations 1, 2, and 3 of the Order to Show Cause is **DENIED.**

**IT IS SO ORDERED.**

April 4, 2007
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel